THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MIGUEL FLORES, | ] | CIVIL ACTION NO. _____ |
| | ] | |
| *Plaintiff,* | ] | |
| | ] | |
| v. | ] | |
| | ] | COLLECTIVE ACTION |
| MANCHESTER MANAGEMENT | ] | |
| SERVICES, INC. D/B/A BOMBAY | ] | |
| PALACE AND D. SHAH | ] | |
| | ] | |
| *Defendant.* | ] | JURY TRIAL DEMANDED |
| _____ | ] | |

### ORIGINAL COLLECTIVE ACTION COMPLAINT

#### I. SUMMARY OF SUIT

1.      Manchester Management Services, Inc. d/b/a Bombay Palace and D Shah (collectively, "Bombay") operate an Indian restaurant in Houston which does not pay its non-exempt restaurant workers overtime. Instead, the employees are simply paid a set amount, even though they may work sixty (or more) hours in a week.

2.      Accordingly, Plaintiff Miguel Flores ("Flores") brings this collective action to recover unpaid overtime wages, liquidated damages, and attorneys' fees owed to him as an individual and to other similarly situated employees.

#### II. JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1367.

4.      Flores brings this complaint in the district in which: 1) he and Bombay reside; and 2) a substantial part of the acts and conduct charged herein occurred.  Accordingly, venue is proper in this district pursuant to 28 U. S. C. § 1391(b).

### III.  THE PARTIES

5.      Flores was an employee of  Bombay within the meaning of the FLSA during the three-year period preceding the filing of this complaint.  Flores worked as a laborer for work weeks of more than forty hours.  Flores received a "salary" of approximately $519 per week during his employment with Bombay.  In performing his duties, Flores engaged in commerce or in the production of goods for commerce.  Flores's consent is attached as Exhibit A.

6.      The "Members of the Class" are all current and former "salaried" restaurant workers who were employed by Bombay during the three-year period preceding the filing of this complaint.  Like Flores, these persons engaged in commerce or in the production of goods for commerce in performing their duties for Bombay.  These similarly situated persons are referred to as "Members of the Class" or "the Class."

7.      Manchester Management Services d/b/a Bombay Palace is a Texas corporation.  Bombay is an enterprise engaged in commerce or the production of goods for commerce.  Bombay has acted, directly or indirectly, in the interest of an employer with respect to Flores and the Members of the Class.  Bombay may be served with process by serving its registered agent, Timothy Horan, at 1300 Post Oak Blvd. Ste. 220 Houston, Texas 77056 or at any other place he may be found.

8.      D. Shah is the president of Bombay.  D. Shah is an individual engaged in commerce or the production of goods for commerce.  D. Shah has acted, directly or indirectly, in the interest of an employer with respect to Flores and the Members of the Class.  D. Shah may be served with process at his place of business, 4100 Westheimer Suite 115 Houston, Texas 77027 or at any other place he may be found.

## IV.  BACKGROUND

9.      Bombay operates a restaurant in the Houston area.   The Bombay Palace Restaurant is open to the public from approximately 11 a.m. to 2:30 p.m., and from approximately 5:30 p.m. to 10:30 p.m., seven days a week.  Bombay offers a variety of authentic Indian style appetizers, lunches, dinners.

10.      Bombay employs many laborers to cook and prepare food and clean the restaurant.

11.      These workers regularly work in excess of forty hours per week.  However, these employees are not paid at one and one-half times their regular rates for hours worked in excess of forty each workweek.  Instead, Bombay pays these non-exempt workers at a flat weekly rate regardless of the number of  hours they work.

## V.  FLORES' INDIVIDUAL ALLEGATIONS

### A.      *Bombay Failed To Pay Overtime*

12.      Flores was a full-time, non-exempt employee of Bombay.  As a restaurant worker, Flores normally worked many hours in excess of forty hours per week

13.       Although Flores worked more than forty hours per week, he was not compensated for his overtime hours at one and one-half times his regular rate.  Rather, Flores was paid a flat salary for all hours worked.  In other words, Flores received no overtime compensation whatsoever.

14.      As a non-exempt employee, Flores was entitled to be paid time and-a-half for all hours worked in excess of forty in a workweek.  29 U.S.C. § 207(a).  Accordingly, Bombay's practice of failing to pay Flores overtime compensation is a clear violation of the FLSA.  In fact, the Department of Labor specifically prohibits the use of Bombay's "salary" payment scheme with respect to non-exempt workers such as Flores.  *See* 29 C.F.R. § 778.500.

### B.    *Bombay Willfully Violated The FLSA*

15.      No exemption excuses Bombay from paying Flores overtime rates for hours worked over forty.  Nor has Bombay made a good faith effort to comply with the FLSA.  Instead, Bombay knowingly, wilfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation with respect to Flores.

### VI. COLLECTIVE ACTION ALLEGATIONS

16.      Other employees have been victimized by Bombay's pay practices and policies which are in willful violation of the FLSA.  Many of these employees have worked with Flores and have reported that they were paid in the same or a similar manner with no overtime for hours worked in excess of forty.  Thus, Flores is aware that the illegal practices or policies of Bombay have been imposed on the Members of the Class.

17.      The Members of the Class perform work which is similar in nature to that performed by Flores, i.e.,  manual labor related to cooking and preparing food and cleaning the restaurant. Accordingly, the employees victimized by Bombay's unlawful practices are similarly situated to Flores in terms of their job duties.

18.      Further, each member of the class was paid according to the same "salary" payment scheme.  Thus, although the amount of damages may vary from individual to individual, the

damages can be calculated by using a single mathematical formula that is individually applicable to each Member of the Class.  The Members of the Class are, therefore, similarly situated in terms of pay provisions.

19.     Bombay's failure to pay overtime compensation as required by the FLSA results from a generally applicable policy  which does not depend on the personal circumstances of the Members of the Class.  This generally applicable policy is specifically prohibited by the FLSA. Thus, Flores' experiences are typical of the experiences of the Members of the Class.

20.     Accordingly, the class of similarly situated plaintiffs is properly defined as:

> All current and former "salaried" restaurant workers who were employed by Bombay during the three-year period preceding the filing of this complaint.[1]

## VII. CAUSES OF ACTION

21.     Flores incorporate all allegations contained in paragraphs 1 through 20.

22.     Bombay's practice of failing to pay Flores and the Members of the Class at one and one-half times their appropriate regular rate was and is in violation of the FLSA.  29 U.S.C. § 207.

23.     Accordingly, the Flores and the Members of the Class are entitled to overtime pay in an amount which is one-half times their regular rates.

24.     Additionally, Flores and the Members of the Class are entitled to an amount equal to all their unpaid overtime wages as liquidated damages.

25.      Additionally, Flores and the Members of the Class are entitled reasonable attorneys' fees and costs of this action.  29 U.S.C. § 216 (b).

---

[1]     Identical cases have been certified for collective treatment.  *Villatoro v. Kim Son Restaurant, L.P.*, 288 F. Supp. 2d 807 (S.D.Tex. 2003) (authorizing collective treatment for kitchen workers employed by a Chinese/Vietnamese food restaurant).

26.     Flores demands a trial by jury on all issues so triable.

## IX. PRAYER

WHEREFORE, Flores requests that this Court award Flores and the Members of the

Class judgment against Bombay for:

1.      damages for the full amount of their unpaid overtime compensation;

2.      an equal amount as liquidated damages;

3.      reasonable attorneys' fees, costs and expenses of this action;

4.      pre-judgment interest and post-judgment interest at the highest rates allowable by

        law; and

5.      such other and further relief as may be allowed by law.

                                        Respectfully submitted,

                                        BRUCKNER BURCH PLLC


                                            **/S/ Richard J. (Rex) Burch**
                                        By: _____
                                            Richard J. Burch
                                            *Attorney- in- Charge*
                                            State Bar No. 24001807
                                            S.D. of Texas No. 21615
                                        5847 San Felipe, Suite 3900
                                        Houston, Texas  77057
                                        Telephone:  (713) 877-8788
                                        Telecopier:  (713) 877-8065

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MIGUEL FLORES ] | CIVIL ACTION NO. _____ |
| ] | |
| *Plaintiff* ] | |
| ] | COLLECTIVE ACTION |
| v. ] | |
| ] | |
| BOMBAY PALACE ] | |
| ] | JURY TRIAL DEMANDED |
| ] | |
| *Defendant* ] | |
| ] | **NOTICE OF CONSENT** |

I, the undersigned, an employee currently or formerly employed by Bombay Palace and/or their related entities, hereby consent to be a party plaintiff in the above-captioned lawsuit, which is an action to collect unpaid wages. I agree to be bound by the provisions of the Professional Services Agreement with Bruckner Burch PLLC.

MiyRLPLORES
Full Legal Name (print)

M F
Signature

11/22/04
Date

**Mail to: Rex Burch, 5847 San Felipe, Suite 3900, Houston, Texas 77057 OR fax to: (713) 877-8065**

Blumberg No. 5118   EXHIBIT   A